and the defective warrant was superfluous *(see, People v Arnau,* 58 NY2d 27, 34, *cert denied* 468 US 1217; 3 LaFave, Search and Seizure § 11.4, at 617).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Kunzeman, J. P., Sullivan, Eiber and O'Brien, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEWIS NOWELL, Appellant.

Bracken, J. P., Kunzeman, Eiber, Balletta and Ritter, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAIRO OCHOA, Appellant.

It is well settled that the right of a defendant to withdraw a previously entered guilty plea rests within the sound discretion of the sentencing court *(see,* CPL 220.60 [3]; *People v O'Callaghan,* 171 AD2d 706; *People v Hagzan,* 155 AD2d 616). Here, the court conducted a lengthy and complete allocution in the presence of competent counsel and the defendant was fully advised of the consequences of pleading guilty, including the sentencing limitations *(see, People v Harris,* 61 NY2d 9). The defendant's claim that he did not understand what he was doing when he accepted the offered plea because he had suffered a heart attack and had become very depressed, is belied by his statements and observed demeanor at the plea *(see, People v Bangert,* 107 AD2d 752). Nor was the defendant's conclusory allegation of being unable to comprehend the proceedings supported by any evidence *(see, People v Irizzarry,* 125 AD2d 589). Moreover, following the defendant's assertions, the court afforded his attorney an opportunity to be heard. Having provided the defendant and his counsel an opportunity to make out his claim, the court found that the defendant clearly knew what he was doing when he accepted the offered plea and admitted his guilt under oath. This factual finding is supported by the record. Thus, the court's decision to deny the defendant's request to withdraw his guilty plea and directing